IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF THOMAS MUDGE, AS OWNER OF *BOUT TIME AGAIN* (HIN: LHRC232K001) IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, <br><br> Petitioner. | § § § § § § § | CASE NO. <br><br> 5:19-cv-00096-TKW-MJF |

## CLAIM AND ANSWER OF
## GOTTA LOVETT, LLC

Gotta Lovett, LLC ("Claimant") hereby files the following Claim and Answer in the above-referenced matter filed by Thomas Mudge ("Petitioner"), as owners of the M/V 'BOUT TIME AGAIN (the "Vessel"), as follows:

## CLAIM OF
## GOTTA LOVETT, LLC

1. Petitioner filed the above-styled Limitation of Liability action seeking exoneration from or limitation of liability for damages caused by the Vessel.

2. Claimant is a Florida limited liability company wholly owned by James Lovett and Jacquelyn Lovett, both citizens of the State of Florida. Claimant asserts, on information and belief, that Petitioner was, at all times relevant hereto, citizens of the State of Florida and was the owner and operator of the Vessel.

3. On October 10, 2018, Petitioner's Vessel broke loose from its anchorage and/or moorings and caused damage to property at or near 1501 Tyndall Drive in Panama City, Florida, including the vessel GOTTA LOVETT, a 60' Hatteras. James and Jacquelyn Lovett previously

filed a claim in this action for damage to the 60' Hatteras. This claim is being filed to clarify that the vessel GOTTA LOVETT, was owned by James and Jacquelyn Lovett through Claimant Gotta Lovett, LLC.

4. Claimant contests Petitioner's right to exoneration as well as his right to limitation of liability under the facts of this case.

5. Even if Petitioner is entitled to limit his liability, which is denied, Claimant contests Petitioner's asserted valuation of the Vessel and reserves the right to seek an increase in the amount of funds deposited by Petitioner once the value of the Vessel can be more definitely ascertained.

## Negligence and Unseaworthiness

6. Petitioner is not entitled to exoneration or limitation of liability inasmuch as the damage to Claimant's property occurred as a result of the unseaworthiness of the Vessel and/or Petitioner's negligent and otherwise actionable failure to take appropriate precautions to protect the Vessel and the property of others from the anticipated impact of Hurricane Michael. Namely, Petitioner failed to properly secure the Vessel at an appropriate location and in an appropriate manner and/or was unable to so secure the Vessel due to its unseaworthiness. The Vessel's unseaworthiness and Petitioner's failure to take appropriate precautions were certainly within the privity and knowledge of Petitioner.

7. As a result of the unseaworthiness of the Vessel and/or Petitioner's failure to properly secure the Vessel at an appropriate location and in an appropriate manner, the Vessel broke free of its moorings and/or anchorage and struck stationary objects located at the Lovett's property, resulting in damage to property, including the vessel GOTTA LOVETT.

8. Claimant makes this claim for all sums that may be allowed or adjudicated against Petitioner, including $600,000 damage to the vessel GOTTA LOVETT (a portion of which was

an insured loss), plus interest, and claims the same as well as any and all other damages sustained by Claimant and allowed by this Honorable Court, and hereby gives notice of its intent to hold the Petitioner responsible for any and all damages sustained by reason of Petitioner's negligence and otherwise improper conduct and/or the unseaworthiness of Petitioner's Vessel.

## ANSWER OF
## GOTTA LOVETT, LLC

Gotta Lovett, LLC ("Defendant") answers the Petition (Doc. 1) as follows:

1. Admitted, upon information and belief, except that Rule 9(h) of the Federal Rules of Civil Procedure is misidentified as "Supplemental" Rule 9(h).

2. Defendant denies that the 46 U.S.C. § 30501 *et seq.* confers independent admiralty jurisdiction, but otherwise admitted.

3. Admitted.

4. On information and belief, admitted.

5. On information and belief, admitted.

6. Defendant admits that the incident giving rise to Petitioner's Complaint occurred within this District, but is without sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

7. Defendant is without sufficient information or knowledge to admit or deny this allegation and, therefore, denies the same.

8. Defendant admits that the incident occurred near the coast of Panama City, Florida, on or about October 10, 2018, but is without sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant denies that the value of the Petitioner's vessel is zero and further points out that the supporting declaration references an October 18, 2018 incident. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

14. Defendant admits that Petitioner filed an *Ad Interim* Stipulation, but contests Petitioner's assertion that the Vessel's value is $0.00.

15. Defendant denies that Petitioner and/or its respective insurers and underwriters are entitled to exoneration from or limitation of liability with respect to claims by Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations and, therefore, denies the same.

### AFFIRMATIVE DEFENSES

1. Petitioner fails to state a claim upon which relief can be granted.

2. Defendant pleads laches, estoppel, waiver, and unclean hands.

3. Defendant alleges that Petitioner was negligent in causing the subject incident and damages, which negligence occurred within the privity and knowledge of the Petitioner within the meaning of 46 U.S.C. § 30501 *et seq*.

4. Defendant asserts that the Petitioner's vessel was unseaworthy, which proximately caused the subject incident and resulting damage, and that said unseaworthiness was within the privity or knowledge of the Petitioner within the meaning of 46 U.S.C. § 30501 *et seq*.

- 5 -

5. Defendant asserts that the Petitioner's claims are not subject to limitation or exoneration of liability under 46 U.S.C. § 30501 *et seq.*

6. Defendant alleges that Petitioner failed to post adequate and sufficient security.

7. Defendant contests Petitioner's Declaration of Value (Doc. 1-1) asserting that the Vessel has a remaining value of $0.00, and reserves its right to seek an increase in the amount of funds deposited by Petitioner once the value of the Vessel can be more definitely ascertained.

Defendant reserves the right to assert any and all additional affirmative defenses which discovery may reveal to be appropriate.

Respectfully submitted,

*/s/ Douglas W. Fink   [Pro Hac]*
PAUL T. BECKMANN
    Florida Bar No. 0048941
DOUGLAS W. FINK   Pro Hac
    ASB-3798-F34D
LESLIE D. SHEEKLEY
    Florida Bar No. 0499064
*Attorney for Claimant Gotta Lovett, LLC*

HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
Phone:  (251) 432-5511
Fax:    (251) 694-6375
    pbeckmann@handarendall.com
    dfink@handarendall.com

HAND ARENDALL HARRISON SALE LLC
35008 Emerald Coast Parkway, Suite 500
Destin, Florida  32541
Phone:  (850) 650-0010
Fax:    (850) 424-5093
    lsheekley@hsmclaw.com

- 6 -

## CERTIFICATE OF SERVICE

I do hereby certify that on July 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

<u>Attorneys for Petitioners</u>
Robert B. Birthisel, Esquire
Jules V. Massee, Esquire
Whittni M. Hodges, Esquire
HAMILTON, MILLER & BIRTHISEL, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
    cbbserv@hamiltonmillerlaw.com
    rbirthisel@hamiltonmillerlaw.com
    jmassee@hamiltonmillerlaw.com
    whodges@hamiltonmillerlaw.com

<u>Attorney for James S. Mauney and Natalie J. Mauney</u>
Andrew N. Mescolotto, Esquire
FRETIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, Florida 33316
    anm@fertig.com

                                                                  /s/ *Douglas W. Fink*
                                                                   DOUGLAS W. FINK

3706026_1